```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JANET MENENDEZ                          CIVIL ACTION

VERSUS                                  NO. 06-7681

STATE FARM FIRE AND CASUALTY            SECTION "R"(5)
COMPANY, ET AL.


       This order also applies to the following civil actions.


HERMAN LANDRY, JR. and                  CIVIL ACTION
CLAUDETTE LANDRY

VERSUS                                  NO. 06-7800

STATE FARM FIRE AND CASUALTY            SECTION "R"(2)
COMPANY & KIM KAISER


MARK BURAS and BECKY BURAS              CIVIL ACTION

VERSUS                                  NO. 06-7803

STATE FARM FIRE AND CASUALTY            SECTION "R"(5)
COMPANY, KELLY GIDEON and JIM RYAN
```

## ORDER AND REASONS

Before the Court are motions to remand the above-listed cases. Because these motions concern identical questions of law, the Court has consolidated its ruling in these matters for the

sake of efficiency.  For the following reasons, the Court DENIES plaintiffs' motions.

I.  BACKGROUND

Plaintiffs in these cases are Louisiana property owners who suffered damage to their property during Hurricane Katrina and who have sued their insurance provider under their homeowner's policies.  Plaintiffs in all of the actions listed above have sued both State Farm Fire and Casualty Co. ("State Farm") and the claims representative(s) who handled their claim.  State Farm lacks citizenship or a principal place of business in Louisiana.  The claims representatives are citizens of Louisiana.  As such, the parties are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).  Plaintiffs filed their claims in Louisiana state court, and defendants then removed them.  Plaintiffs have filed motions to remand these matters to state court.  In all of the cases, defendants assert that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the nondiverse claims representatives have been joined improperly.  When the Court finds that it has jurisdiction over a case on this basis, the Court need not address defendants' alternative

theories for why federal jurisdiction is appropriate in the matter.

## II. LEGAL STANDARDS

### A. Applying Louisiana Law

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1). In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.*

(*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

**B.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**C.   Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332. However, a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id*. Improper joinder may be established by showing the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant. *Id*. at 462-63. The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

**III. DISCUSSION**

    In each of these cases, the plaintiffs' motions to remand turn on whether they have a reasonable possibility of recovery against the defendant adjusters under Louisiana law. Plaintiffs' claims against their adjusters, which are identical but for the names of the adjusters, allege that the adjusters failed to adjust their losses in good faith, failed to disclose material information, and arbitrarily and capriciously approved payments

of policy proceeds to certain State Farm insureds while denying payments for plaintiffs.  (Civ. Docket No. 06-7681 R. Doc. 1-1; Civ. Docket No. 06-7800 R. Doc. 1-1; Civ. Docket No. 06-7803 R. Doc. 1-1).

As this Court stated in *Rich v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, at *3 (E.D. La. Dec. 18, 1997), this Court has found no case imposing a duty on an independent insurance adjuster as to an insured to conduct a proper investigation or to advise an insured of coverage issues.  This holding is in line with other courts in this district who have addressed the duty of an adjuster to an insured.  *See, e.g., Edwards v. Allstate Prop. & Cas. Co.*, 2005 WL 221560, at *3 (E.D. La. Jan. 27, 2005) (Duval, J.) ("Louisiana courts and federal courts applying Louisiana law have recognized that, as a general rule, no cause of action lies against an insurance adjuster for processing and handling of an insurance claim"); *Motin v. Travelers Ins. Co.*, 2003 WL 22533673, at *5 (E.D. La. Nov. 4, 2003) ("without the allegations plead in *Pellerin* or other like allegations proposing that an adjuster assumed a duty toward the plaintiffs, an adjuster does not owe a duty to an insured and an exception of no cause of action is properly sustainable").  In a similar vein, Louisiana courts have consistently held that, as a general rule, adjusters owe no duty to advise a claimant on issues such as the

proper prescriptive period. *See Trainer v. Aycock Welding Co.*, 421 So. 2d 416, 418 (La. Ct. App. 1982)("There is no duty on the part of an insurance adjuster to advise a claimant on the proper prescriptive period."); *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So. 2d 371, 373 (La. Ct. App. 1981)("As a general rule, there is no relationship existing between a claimant and the insurance adjuster on which a duty to inform of prescription can be based."); *Flowers v. United States Fidelity & Guaranty Co.*, 367 So. 2d 107, 110 (La. Ct. App. 1979) (holding that "as adversaries, there is no relationship existing between the plaintiffs and the insurance adjuster on which a duty to inform of prescription can be based"), *rev'd on other grounds*, 381 So. 2d 378 (La. 1979); *White v. Hartford Cas. Ins. Co.*, 297 So. 2d 744, 746 (La. Ct. App. 1974)("We further hold that insurance adjusters have no duty to advise claimants on the Louisiana law of prescription.").

In limited circumstances, federal and state courts have recognized that an adjuster may owe a duty to an insured. Specifically, at least one Louisiana appellate decision has set forth certain factual contexts in which an adjuster could assume a duty to disclose the prescriptive period to an insured. *See Pellerin*, 396 So. 2d at 373 (adjuster could possibly assume duty to insured where there is disparity in education of the parties,

adjuster makes promises, claims or misrepresentations with actual or apparent authority, or engaged in fraud); *see also Alarcon v. Aetna Cas. & Sur. Co.*, 538 So. 2d 696, 699 (La. Ct. App. 1989) (holding that under some circumstances a tort duty on the part of the adjuster to the claimant may exist in the settlement of an insurance claim). Federal courts have also found that an adjuster may owe a duty to an insured if the *Pellerin* factors are present. See *Edwards*, 2005 WL 221560, at *3; *Rich*, 1997 WL 785668, at *3. Additionally, another court in this district has stated that a duty may exist when an adjuster has engaged in fraud toward the claimant, or undertakes to give a claimant false information about the potential success of his claim when he knows or reasonably should know that the claimant is relying on the information. *See Edwards*, 2005 WL 221560, at *3.

   Here, none of the plaintiffs have alleged a disparity in the education of the parties or that the adjusters gave false information, or made false claims or misrepresentations to the insureds. Moreover, plaintiffs do not allege any facts that indicate the adjusters committed fraud. Plaintiffs do allege that their adjusters failed to disclose material information, but absent a deliberate disclosure of untruthful information, an adjuster is under no affirmative obligation to disclose information about the potential success of a claim. *See id.*

Plaintiffs therefore have no reasonable possibility of recovery against their adjusters. This holding is in accordance with a recent opinion issued by another court in the Eastern District, in which allegations identical to those now before the Court were addressed. *See Munsterman v. State Farm Fire and Casualty Co.*, 2007 WL 29183, at *3 (E.D. La. Jan. 3, 2007) (Zainey, J.).

Because plaintiffs cannot recover under Louisiana law against their adjusters, these defendants were improperly joined. Plaintiffs have not challenged removal of these actions based on the amount in controversy in their respective cases. Therefore, the Court has diversity jurisdiction over these matters. By reaching this conclusion, the Court need not address the arguments made by some of the defendants that the adjusters are not domiciled in the State of Louisiana, or that removal was proper based on 28 U.S.C. §§ 1369 and 1441, the Multiparty, Multiforum Trial and Jurisdiction Act of 2002.

**IV. CONCLUSION**

For the foregoing reasons, plaintiffs' motions to remand are DENIED.

New Orleans, Louisiana, this <u>14th</u> day of February, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE